UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
BENITO MERIDA,

                               Plaintiff,

                   -against-

CITY OF NEW YORK; Police Officer FERLIE I.
FOX, Shield No. 3396; UC 7493; and JOHN and
JANE DOE 1 through 10, individually and in their
official capacities (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

                               Defendants.
---------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Benito Merida ("plaintiff" or "Mr. Merida") is a resident of Kings County in the City and State of New York.

7.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.      Defendant Police Officer Ferlie I. Fox, Shield No. 3396 ("Fox"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Fox is sued in her individual and official capacities.

9.      Defendant UC 7493 ("UC 7493"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant UC 7493 is sued in his individual and official capacities. Plaintiff does know the real name and shield number of defendant UC 7493.

10.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13.     At approximately 5:00 p.m. on February 15, 2013, plaintiff was lawfully working making sandwiches behind the deli counter at the Rainbow Deli located at 1717 Broadway in Brooklyn, New York.

14.     A man in plainclothes entered the deli, purchased a beer and began drinking it in the store.

15.     Unbeknownst to plaintiff the man was, upon information and belief, an undercover police officer.

16.     The undercover officer approached Mr. Merida and asked him if he wanted to purchase a cellular phone.

17.     Mr. Merida asked the undercover officer, in sum and substance, whether the phone was stolen.

18.     The undercover officer told plaintiff the phone was not stolen.

19.     Following a brief negotiation, plaintiff purchased the phone for $80 and the undercover officer left the store.

20.     Moments later uniformed police officers arrived, handcuffed Mr. Merida and falsely arrested him.

21.     The officers took Mr. Merida to the 83rd Precinct.

22.     At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff attempt to purchase stolen property and prepared paperwork, including an arrest report, to that effect.

23.     At no point did the officers observe Mr. Merida attempt to purchase stolen property.  Indeed, they knew he had tried *not* to purchase stolen property.

24.     At approximately 1:00 a.m. on February 16, 2013, plaintiff was taken to Brooklyn Central Booking.

25.     At approximately 4:00 p.m. on February 16, 2013, plaintiff was arraigned in Kings County Criminal Court, at which point the criminal charges against plaintiff were adjourned in contemplation of dismissal.

26.     After approximately 23 hours in custody, plaintiff was released.

27.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### False Arrest

28.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Denial Of Constitutional Right To Fair Trial

31.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32.     The individual defendants created false evidence against plaintiff.

33.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

34.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

35.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
### Failure To Intervene

36.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

38.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

39.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM
### *Monell*

40.     Defendant City of New York, through its NYPD, has a formal policy of enticing people to purchase property, often through deceit, and then arresting them in the absence of probable cause.

41.     This policy directly caused the Constitutional violations set forth herein.

42.     In *People v. Lizardi*, 2013 NY Slip Op. 50706(U) (Bronx Crim. Ct. May 7, 2013), the Honorable John H Wilson dismissed the criminal charges against a criminal defendant arrested pursuant to this policy in the interest of justice, noting that the police should "concentrate their noble efforts on behalf of the city on countering real crimes committed every day.  They do not need to manipulate a situation where temptation may overcome even people who would normally never think of committing a crime."

43.     As part of its policy the City, through its police department, trains its officers to arrest individuals without probable cause and lie to them where expedient, and is indifferent to the consequences.

44.     The City is aware that this policy is unlawful and results in the arrest of innocent people and is indifferent to the consequences.

45.     This policy was the moving force behind plaintiff's injuries.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:     June 25, 2013
           New York, New York

                           HARVIS WRIGHT
                           SALEEM & FETT LLP

                           _____
                           Gabriel Harvis
                           305 Broadway, 14th Floor
                           New York, New York 10007
                           (212) 323-6880
                           gharvis@hwsflegal.com

                           *Attorney for plaintiff*